THE ATTORNEY GENERAL
OF TEXAS
ATTORNEY GENERAL



August 27, 1957

Hon. Penn Jackson, Chairman
State Board of Insurance
Austin, Texas

Dear Mr. Jackson:

Opinion No. WW-233

Re: Validity of certain provi-
sions of House Bill 133,
the General Appropriations
Bill for the fiscal years
beginning September 1, 1957
and 1958.

Your office has requested an Opinion concerning the
validity of a rider in the appropriation bill for the biennium
beginning September 1, 1957, found in Part III on page 94, re-
quiring the filing of an affidavit to the effect that the mini-
mum qualifications stipulated in the rider for actuaries and new
or additional examiners have been met. The Comptroller is pro-
hibited from issuing salary warrants to the named employees of
the Insurance Department unless the affidavit is filed.

The legal problem presented concerns Article III, Sec-
tion 35 of the Texas Constitution, which prohibits any bill from
containing more than one subject. The principles involved are
thoroughly discussed in Attorney General's Opinion WW-96, and it
is not deemed necessary to discuss them again.

This question is controlled by the decision in Moore v.
Sheppard, 144 Tex. 537, 192 S. W.2d 559 (1946). The clerks of
Courts of Civil Appeals had been charging fees for unofficial
and uncertified copies of Court Opinions and retaining the pro-
ceeds for their private use. The Legislature by rider in an ap-
propriation bill attempted to require the clerks to deposit all
fees collected for official or unofficial Opinions in the General
Fund of the Treasury. The Court held that prescribing fees was
a matter of general legislation and was a separate "subject" with-
in the meaning of Article III, Section 35, so as to be prescribed
since an appropriation bill could only be concerned with the sub-
ject of appropriations. (In Attorney General's Opinion WW-96
a similar rider in the Legislative Budget Board's draft of the
appropriation act in question was held unconstitutional for the
reason that prescribing qualifications of the actuaries and ex-
aminers is a matter for general legislation which could not be
included in an appropriation act.) The Moore v. Sheppard rider
required each employee to file monthly an affidavit showing that
he had not retained the fees but had deposited them in the State
Treasury. The rider further stated:

"The Comptroller shall not issue a warrant
in payment of the salary of any such employee
for any month unless and until the affidavit re-
quired herein has been filed for said previous
month."

The rider here in question prohibits the Comptroller
from issuing salary warrants to the named employees of your of-
fice until an affidavit is filed with the Comptroller certify-
ing that such employees have met the minimum qualifications
therein stipulated.

The Court in Moore v. Sheppard, supra, stated:

"There being no statutory duty requiring
petitioners to furnish uncertified, unofficial
copies of Opinions of the Courts of Civil Ap-
peals, no statute fixing any fee for such ser-
vices, and no valid statute requiring that money
received therefore (sic) be deposited in the State
Treasury, there is no debt owing by petitioners
to the State.  Since petitioners are not required
to account to the State Treasurer, under existing
statutes, for such receipts, they cannot be re-
quired to execute an affidavit that such funds
have been deposited in the State Treasury as a
condition for the delivery of their monthly sal-
ary warrants."

The rule of Moore v. Sheppard therefore applies with
equal force to the legislation in question.  Accordingly, it is
unconstitutional.


SUMMARY


The rider contained in the appropriation
bill for the fiscal years beginning Sep-
tember 1, 1957 through 1958, Acts 55th Leg-
islature, Regular Session, Chapter 385,

beginning at Part III, page 94, is un-
constitutional in contravention of Section
35, Article III of the Texas Constitution.

Very truly yours,

WILL WILSON
Attorney General of Texas


By

WALLACE P. FINFROCK
Assistant

WPF:pc

APPROVED:

OPINION COMMITTEE:

H. Grady Chandler, Chairman

C. K. Richards

John Reeves

REVIEWED FOR THE ATTORNEY GENERAL
BY:
James N. Ludlum